UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

WILLIAM NASH                     :
                                 :
     v.                          :    C.A. No. 09-079S
                                 :
CVS CAREMARK CORP., et. al.      :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter is presently before the Court on Defendants CVS Caremark Corporation and Holiday CVS, LLC's ("Defendants") Motion to Transfer Venue. (Document No. 4). Defendants seek to have this case transferred to the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. § 1404(a) on the grounds that the convenience to the parties and interests of justice so dictate. Plaintiff William Nash filed an Objection to Defendants' Motion to Transfer Venue. (Document No. 7).

The Motion has been referred to me for preliminary review, findings and recommended disposition. See 28 U.S.C. § 636(b)(1)(B); LR Cv 72(a). The Court has determined that no hearing is necessary. After reviewing the Motion and Objection, in addition to performing independent research, the Court recommends that Defendants' Motion to Transfer Venue (Document No. 4) be DENIED.

**Facts**

Plaintiff, a Florida resident, was an Assistant Store Manager at two CVS stores in Boynton Beach, Florida. Defendant Holiday CVS, LLC is a Florida limited liability company that owns and

operates CVS retail stores, including the two stores at which Plaintiff was employed. Defendant CVS Caremark Corp. is a Delaware Corporation.

Plaintiff commenced this action on February 23, 2009 alleging that Defendants violated the Fair Labor Standards Act ("FLSA") by exempting Plaintiff from the overtime requirements of that statute pursuant to 29 U.S.C. § 216(b), the Complaint pleads the action as a collective action on behalf of a class of assistant store managers.

**Standard of Review**

Section 1404(a), 28 U.S.C. states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In weighing whether a motion to change venue should be granted, the Court makes its determination based on a "case-by-case consideration of convenience and fairness." See Brian Jackson & Co. v. Eximias Pharm. Corp., 248 F. Supp. 2d 31, 38 (D.R.I. 2003) (citation omitted). In addition to these considerations, the Court should also consider the "availability of documents; the possibility of consolidation; and the order in which the district court obtained jurisdiction." Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000). In weighing these interests, there is generally a strong presumption in favor of Plaintiff's choice of forum. Id.

**Analysis**

Defendants argue that the case should be transferred to the Southern District of Florida because it is Plaintiff's home state and the state within which several key witnesses reside and potential "sources of proof" such as employee records, personnel files and policies and procedures are located. Document No. 4 at 8-11. Additionally, Defendants argue that Plaintiff's choice of forum is not entitled to any deference because Plaintiff did not file the case in his home state. Id.

at 7. Plaintiff counters that his choice of venue is entitled to deference and that transfer of the case will not promote the convenience of the parties or witnesses. Document No. 7 at 4-8. Plaintiff also contends that the argument for transfer is weakened because this is a collective action, and potential plaintiffs from anywhere across the country could choose to opt-in to the litigation.

### A.   Plaintiff's Choice of Venue

Defendants contend that Plaintiff's choice of venue is due "no deference" because Plaintiff is not a resident of the forum where he filed suit. Document No. 4 at 5. It is true that ordinarily a strong presumption favors Plaintiff's choice of forum. Elbalah v. Republic Ins. Co, 879 F. Supp. 3, 4 (D.R.I. 1995). However, the "strong presumption is greatly weakened where plaintiff's chosen forum is not also his home." Ryan, Klimek, Ryan P'ship v. Royal Ins. Co. of Am., 695 F. Supp. 644, 647 (D.R.I. 1988). See also McEvily v. Sunbeam-Oster Co., Inc., 878 F.Supp. 337, 344 (D.R.I.1994) (stating that the burden on the Defendant to show that transfer is appropriate is "lightened when a plaintiff has not brought suit on his 'home turf' or at the site of the activities at issue in the law suit.") While it is true that Plaintiff's choice of venue is entitled to less weight because he is not a resident of this District, Defendant's argument that Plaintiff's choice is entitled to no deference is not supported by case law from this Court. Instead, as described in the applicable cases, Plaintiff's choice is entitled to less deference than if he filed in his home state, but not to no deference at all.

### B.   Convenience of the Parties and Witnesses

Next, Defendant argues that transferring the venue would promote the convenience of all of the parties and the potential witnesses to this case. Defendant identifies over two dozen individuals that it alleges are likely to be called as witnesses at trial concerning Plaintiff's day-to-day job

responsibilities and job performance. Document No. 4 at 8. Defendant notes that all but one of the identified potential witnesses reside in Florida. Defendant contends that engaging in pretrial discovery, such as depositions, in Rhode Island will be costly and that it will be impossible to compel attendance of these witnesses at trial. Id. at 9.

Plaintiff counters that this is a "nationwide putative collective action" and that the focus on the named Plaintiff is misplaced. Document No. 7 at 5-6 (emphasis in original). Plaintiff argues that some witnesses relevant to Mr. Nash's case may be located in Florida, but that fact "has no significance whatsoever as to any other collective action class member." Id. at 6.[1] Plaintiff argues that in an FLSA collective action, the core issues revolve "around the corporate decisions made by the defendant to classify the collective action class members as exempt..." Id. at 7. Plaintiff argues that because Rhode Island is the corporate headquarters of CVS, Rhode Island is the appropriate venue for the case. Here, Plaintiff's reasoning prevails. Defendants maintain a narrow focus, arguing only the venue issues related to the named Plaintiff and ignoring the nature of the action and its ties to both Rhode Island and Florida.

  **C.**  **Relevant Private and Public Interests**

Finally, the Court may also consider certain private and public interests in its analysis. See McEvily, 878 F. Supp. at 343-344. The private interests the Court may consider in its analysis include, inter alia, "the availability of compulsory process for attendance of unwilling witnesses; the cost of obtaining attendance of willing witnesses; the relative ease of access to sources of proof; the possibility of a view of premises, if such a view would be appropriate to the action; and all other

---

[1] At the time the Motion to Transfer was filed, another potential collective action class member, Clint Hershey, had filed consent to join the action. Mr. Hershey was a resident of Pennsylvania. While the Motion was pending, CVS informed the Court that Mr. Hershey had accepted its offer of judgment for complete relief.

practical problems that make trial of a case easy, expeditious and inexpensive." Id.  In this case, there is not a single factor that overwhelmingly weighs in favor of Defendants' or Plaintiff's choice of forum, and there are pros and cons to each.

The public interests include "the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; the local interest in having localized controversies decided at home; the unfairness of burdening citizens in an unrelated forum with jury duty; and administrative difficulties flowing from court congestion." Id.  None of these factors are particularly pertinent to this particular action, and do not favor one forum over the other.

The relevant private and public interests do not tip the balance in favor of either forum, so the Court is left to consider the weight that should be accorded to Plaintiff's forum choice and balance that against the convenience to the parties and witnesses.  Even though it is clear that Plaintiff's choice of Rhode Island is not due strong deference, the Court does give some deference to Plaintiff's choice of forum, and in light of the fact that the case is a collective action, Plaintiff's reasoning for filing the case in the forum where the Defendants' national retail operation has its headquarters is logical.  Moreover, Defendant would have this Court focus solely on Mr. Nash and his case against Defendants.  But, because this is a collective action, the Court cannot view the venue issue solely by considering the parties presently before the Court.  For these reasons, Defendants' Motion to Transfer Venue is unconvincing.

**Conclusion**

For the reasons discussed above, I recommend that Defendants' Motion to Change Venue be DENIED.  Any objection to this Report and Recommendation must be specific and must be filed

with the Clerk of the Court within ten (10) days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
July 1, 2009