UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

WILLIAM NASH, individually and on :
behalf of all other persons similarly :
situated :
 :
      v. : C.A. No. 09-079S
 :
CVS CAREMARK CORP. and :
HOLIDAY CVS, LLC :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

      This matter is presently before the Court on a Motion to Dismiss filed by Defendants CVS Caremark Corporation and Holiday CVS, LLC (collectively "CVS"). (Document No. 12). CVS seeks dismissal of this case for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3). Plaintiff William Nash ("Nash") opposes the Motion. (Document No. 18).

      The Motion has been referred to me for preliminary review, findings and recommended disposition. See 28 U.S.C. § 636(b)(1)(B); LR Cv 72(a). A hearing was held on September 23, 2009. After reviewing the Motion and Objection, performing independent research and considering the arguments made by counsel, the Court recommends that CVS's Motion to Dismiss (Document No. 12) be DENIED.

**Facts**

      The following facts are gleaned from Nash's Complaint and deemed true for purposes of considering this jurisdictional challenge under Fed. R. Civ. P. 12(b)(1). See Narragansett Elec. Co. v. Constellation Energy Commodities Group, Inc., 526 F. Supp. 2d 260, 267-268 (D.R.I. 2007) ("in ruling on a motion to dismiss for lack of subject matter jurisdiction under [Rule 12(b)(1)], a court

must construe the complaint liberally, treat all well-pleaded facts as true, and indulge all reasonable inferences in favor of the plaintiff."). Nash, a Florida resident, was employed by CVS as an Assistant Store Manager at two of its stores in Boynton Beach, Florida from July through November 2008. Defendant Holiday CVS, LLC is a Florida limited liability company that owns and operates CVS retail stores, including the two stores at which Nash was employed. Defendant CVS Caremark Corp. is a Delaware Corporation. Nash alleges that Holiday CVS, LLC is a wholly-owned subsidiary of CVS Caremark Corp and operates under its direction and control. CVS, however, denies that "Holiday CVS is a direct wholly-owned subsidiary of CVS Caremark Corporation" and that Holiday CVS operates under the direction and control of CVS Caremark. (Document No. 3 at ¶ 7).

Nash commenced this action on February 23, 2009 alleging that CVS violated the Fair Labor Standards Act ("FLSA") by exempting him from the overtime pay requirements of that statute. Pursuant to 29 U.S.C. § 216(b), Nash pleads the case as a collective action under the FLSA on behalf of himself and "similarly situated" assistant store managers.

On March 29, 2009, Clint Hershey joined the collective action. (Document No. 6). On May 22, 2009, CVS served both Hershey and Nash with Offers of Judgment pursuant to Fed. R. Civ. P. 68. (Document Nos. 12-2 and 12-3). On June 4, 2009, Hershey accepted CVS's offer. (Document Nos. 12-4 and 30). Nash rejected Defendants' offer. (Document No. 12-5).

On July 17, 2009, CVS filed its Motion to Dismiss for lack of subject matter jurisdiction arguing that its Offers of Judgment mooted this action. As of that date, Nash was the sole Plaintiff in this action, and he had been offered judgment. On July 30, 2009, however, Nash notified the Court of a second opt-in Plaintiff, Elizabeth Ducasse. (Document No. 16). Then, on August 25,

2009, an additional Plaintiff, Eduardo Vega, opted into the action. (Document No. 20). CVS filed its reply brief on August 27, 2009 (Document No. 21) and following that, three additional Plaintiffs (Nichole Comeau, David Garza and Marie Boone) opted into the action, and later one (Nichole Comeau) withdrew. (Document Nos. 22, 24, 25 and 26). It is undisputed that Nash has not filed for or received collective action certification from the Court. Thus, four Plaintiffs have, to date, joined Nash's collective action and remain in the case.

**Standard of Review**

Article III of the United States Constitution limits the power of federal courts to adjudicating live cases or controversies. U.S. Const. art. III, § 2, cl. 1. Accordingly, a federal court lacks subject matter jurisdiction over an action unless it presents an actual pending case or controversy. "No justiciable controversy is presented when the question sought to be adjudicated has been mooted" and "[m]oot cases must be dismissed for lack of jurisdiction." Bond v. Fleet Bank, No. 01-177L, 2002 WL 373475 at *2 (D.R.I. Feb. 21, 2002).

Rule 68, Fed. R. Civ. P., allows a party defending a claim to present its opponent with an offer to allow judgment to be taken against the defending party for the money or the property or to the effect specified in the offer, with the costs then accrued. Generally, when a defendant offers a plaintiff complete relief through the mechanism of Rule 68, the plaintiff's claims become moot, even if the plaintiff rejects the offer. See, e.g., Vogel v. Am. Kiosk Mgmt., 371 F. Supp. 2d 122, 128 (D. Conn. 2005). "The plain purpose of Rule 68 is to encourage settlement and avoid litigation" by prompting "both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." Marek v. Chesny, 473 U.S. 1, 5 (1985). "To that end, Rule 68 creates a significant disincentive for a party to reject an offer of judgment in

favor of proceeding to trial by imposing the risk of being charged with 'costs incurred after the making of the offer' if 'the judgment finally obtained by the offeree is not more favorable than the offer." Fafel v. Dipaola, 399 F.3d 403, 413 (1st Cir. 2005) (quoting Fed. R. Civ. P. 68).

However, in FLSA collective actions such as this one, where a plaintiff seeks to represent himself as well as other "similarly situated plaintiffs," the strict application of Rule 68 raises practical concerns regarding judicial efficiency and preserving the Congressional intent behind FLSA collective actions.[1] In theory, a defendant facing a collective action under the FLSA would have a strategic incentive to quickly present a representative plaintiff with a Rule 68 offer in an attempt to moot the case and trump the collective action. Even though potential opt-in plaintiffs could still pursue their own FLSA claims after an earlier case is mooted, the purposes and policies of the FLSA's collective action mechanism would be undermined by such a practice. See, e.g., Reyes v. Carnival Corp., No. 04-21861-CIV, 2005 WL 4891058 at *4 (S.D. Fla. May 25, 2005) ("Permitting a defendant to evade a collective action by making an offer of judgment at the earliest possible time defeats the purpose of the [FLSA's] collective action mechanism."). Also, by "picking off" representative FLSA plaintiffs, a defendant's goal may be to delay the commencement of formal discovery or limit its potential liability by postponing the tolling of the narrow two-year limitations period generally applicable to FLSA plaintiffs. For instance, if CVS was successful in dismissing this case as mooted, the four plaintiffs who opted in after Nash and Hershey were offered judgment under Rule 68 would arguably have to either initiate new individual FLSA actions or join another applicable collective action. Thus, the tolling of the limitations period for their claims could be

---

[1] The FLSA's collective action mechanism has two primary goals – to make such litigation economically feasible by allowing the aggregation of small individual claims in one action and to efficiently resolve common issues of law and fact arising out of the same challenged practices. See Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1264 (11th Cir. 2008).

delayed and, if they were ultimately successful, their back pay damages could be reduced since the value of their claims is potentially diminished with each passing day.  See 29 U.S.C. § 256.

**Analysis**

CVS contends that the Rule 68 Offer of Judgment presented to Nash provided him complete relief and therefore deprived him of a continuing legally cognizable interest in this litigation, despite the fact that he rejected the offer.  (Document No. 12 at 6).  CVS argues that the case is moot because after it tendered offers of judgment to Nash and Hershey (the only two plaintiffs at the time), the action immediately ceased to present a live case or controversy within the meaning of Article III, Section 2 of the United States Constitution and this Court lost subject matter jurisdiction.

Nash counters that a ruling accepting CVS's position would permit Fed. R. Civ. P. 68 to "vitiate Congress's provision in 29 U.S.C. § 216(b) of an opt-in mechanism to have claims under the FLSA collectively heard."  (Document No. 18 at 5).  Instead of deeming this case to be moot, Nash argues that the Court should permit the action to proceed because there are additional opt-in plaintiffs who have since joined this case after the Rule 68 offers in question.

CVS's Motion focuses on the question of whether the FLSA gives a named plaintiff a procedural right to represent a class of plaintiffs before obtaining collective action certification.  CVS cites numerous cases supporting their claim that the presentation of a Rule 68 offer that provides complete relief to a plaintiff divests the Court of jurisdiction over the matter, because the case is moot.  See, e.g., Vogel, 371 F. Supp. 2d at 128; see also Document No. 12 at 6-8.

Nash, on the other hand, points out that the cases primarily relied upon by CVS are distinguishable because in each there was no other opt-in plaintiff present when the jurisdictional challenge was decided by those courts.  In Vogel, for example, the Court noted that "without the

inclusion of other active plaintiffs who have 'opted in' to the suit, the section 216(b) plaintiff simply presents only her claim on the merits..." 371 F. Supp. 2d at 128.

Nash urges the Court to follow the reasoning set forth in Yeboah v. Central Parking Systems, No. 06 CV 0128, 2007 WL 3232509 (E.D.N.Y. Nov. 1, 2007). In that FLSA collective action, like the present case, the defendant filed a Motion to Dismiss on mootness grounds after the named plaintiff rejected a Rule 68 offer. Similar to this case, after the motion to dismiss was filed, but prior to the Court's ruling, an additional plaintiff filed a notice of consent to join the FLSA collective action. Id. at *1. The arguments presented by the defendant in Yeboah mirror those presented by CVS in this case. The defendant claimed that its complete offer of relief to the named plaintiff via a Rule 68 Offer mooted the matter and thus the Court lacked subject matter jurisdiction. The Court in Yeboah considered the same line of cases presented by CVS here, but rejected them and concluded that "the factual background for this motion has now changed, in that one other individual...has filed a notice of consent to participate as an opt-in plaintiff." Id. at *4. The Court went on to conclude that the presence of just one other opt-in "requires the conclusion that even if defendant's Rule 68 offer represented or exceeded plaintiff's maximum recovery, it neither mooted plaintiff's FLSA claim nor deprived this Court of subject matter jurisdiction over this matter." Id. at *5. The reasoning set forth in Yeboah is sound.[2] It neither serves the purposes of the FLSA nor the Court's interest in an efficient, speedy resolution of this pending dispute to permit a Rule 68 offer to moot a collective action case where other potential opt-in plaintiffs have filed consents to

---

[2] Yeboah does not stand alone. At least four other courts held prior to Yeboah that dismissal of an FLSA collective action on mootness grounds is not appropriate where, as in this case, additional plaintiffs have opted in and were not offered judgment under Rule 68. See Roble v. Celestica Corp., 627 F. Supp. 2d 1008 (D. Minn. 2007); Rubery v. Buth-Na-Bodhaige, Inc., 494 F. Supp. 2d 178 (W.D.N.Y. 2007); Geer v. Challenge Fin. Investors Corp., No. 05-1109-JTM, 2006 WL 704933 (D. Kan. March 14, 2006); and Reyes v. Carnival Corp., No. 04-21861-CIV, 2005 WL 4891058 (S.D. Fla. May 25, 2005).

join the suit. It also does not serve the purposes of Rule 68, i.e., "to encourage settlement and avoid litigation," see Marek, 473 U.S. at 5, because the Offers of Judgment made only to Nash and Hershey did nothing to resolve either the claims of other similarly situated plaintiffs or the underlying dispute about the salaried status of CVS's assistant store managers. For these reasons, CVS's Motion to Dismiss should fail.

CVS strenuously argues that "binding" First Circuit precedent, Cruz v. Farquharson, 252 F.3d 530 (1st Cir. 2001), adopts a strict approach to mootness and prevents this Court from following cases such as Yeboah – a case decided in the Second Circuit. However, Cruz is distinguishable and its reasoning does not mandate dismissal of this case. In Cruz, four married couples (each consisting of a citizen and an alien) brought a putative class action against the Immigration and Naturalization Service ("INS") to force the INS to act on the pending residency petitions of the alien spouses based on their marriage to a citizen. Before the named plaintiffs moved for or sought class certification under Fed. R. Civ. P. 23, the INS promptly processed and granted the petitions that had previously lay fallow. Because all of the named plaintiffs had obtained complete relief, the First Circuit concluded that there was "no longer a live controversy" and the case had become moot. Cruz, 252 F.3d at 533. Although the case was plead as a class action, the Court held that the absence of class certification (or even a motion for certification) at the time the named plaintiffs' claims were resolved required a finding of mootness.

CVS argues that a strict reading of Cruz mandates a finding that this case instantly became moot when it offered judgment to Nash and Hershey. I do not read Cruz as broadly as CVS or as precluding me from following the reasoning of cases such as Yeboah. First, Cruz did not involve a claim for damages such as the back pay sought in this case but instead dealt solely with a request

for prospective injunctive relief.  And, importantly, <u>all</u> of the aggrieved plaintiffs' claims in <u>Cruz</u> were moot when the case was dismissed.  While in this case, there are several allegedly aggrieved plaintiffs who have affirmatively joined this collective action and whose claims were not mooted by the Rule 68 offers made to Nash and Hershey.  Second, the plaintiffs in <u>Cruz</u> brought a generalized challenge to the administrative practices of a federal agency and had not sued under a statute such as the FLSA which specifically authorizes collective action.  Although the <u>Cruz</u> plaintiffs plead that case as a class action, the Court had not certified the class and thus the class allegations were not legally operative when the case was mooted.  Here, on the other hand, Nash sued under a provision of the FLSA that specifically permits him to sue on behalf of other similarly situated individuals and the judgment offered to him and Hershey arguably mooted their claims but did nothing for those "similarly situated."  As a practical matter, the lawsuit in <u>Cruz</u> prompted the INS to speed its action on the plaintiffs' pending applications and created an incentive to do the same for other pending applicants or risk facing future lawsuits.  However, while the instant collective action prompted CVS to offer judgment to Nash and Hershey, it did nothing to address the potential claims of others similarly situated to Nash and Hershey including the four Plaintiffs who have filed consents to join this collective action.  While one could blindly apply <u>Cruz</u> and accept CVS's mootness argument, the better reasoned approach is to read <u>Cruz</u> in the context of its facts and pragmatically apply its rationale to the distinct facts and legal claims presented here.

**Conclusion**

For the reasons discussed above, I recommend that CVS's Motion to Dismiss (Document No. 12) be DENIED.  Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt.  <u>See</u> Fed. R. Civ. P. 72(b); LR

Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See <u>United States v. Valencia-Copete,</u> 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).

  <u>/s/ Lincoln D. Almond</u>
LINCOLN D. ALMOND
United States Magistrate Judge
November 13, 2009