UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WILLIAM NASH, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>CVS CAREMARK CORPORATION And HOLIDAY CVS, L.L.C.,<br><br>    Defendants. | C.A. No. 09-079-M |
| JEANETTE BELANGER, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>CVS CAREMARK CORPORATION, and BETHEL CVS, INC.,<br><br>    Defendants. | |
| FRANK MEADOWS on behalf of himself and all other similarly situated employees,<br><br>    Plaintiff,<br><br>v.<br><br>CVS CAREMARK CORPORATION,<br>    Defendant. | |

| | |
|---|---|
| RICHARD McFARLAND, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>            Plaintiff,<br><br>v.<br><br>CVS CAREMARK CORPORATION,<br><br>            Defendant. | |

| | |
|---|---|
| SANDRA JOHNSON, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>            Plaintiff,<br><br>v.<br><br>CVS CAREMARK CORPORATION,<br><br>            Defendant. | |

| | |
|---|---|
| KRISTY HENDERSON, Individually and on Behalf of Persons Similarly Situated,<br><br>            Plaintiff,<br><br>v.<br><br>HOLIDAY CVS, L.L.C., a Florida limited liability company, CVS CAREMARK CORPORATION, a Delaware corporation, d/b/a CVS/PHARMACY, CVS PHARMACY, INC., a Rhode Island corporation, d/b/a CVS/PHARMACY, and | |

| |
|---|
| XYZ ENTITIES 1-1000, fictitious names of unknown liable entities,<br><br>      Defendants. |

| |
|---|
| REINALDO CRUZ, BENJAMIN TETTEYFIO, ANTHONY MANNARINO, CHRISTOPHER TURKO, DONNA PETERS, DENISE RAMSEY, RAFIK MISSAK, and JEFF ANDERSEN, Individually and on Behalf of all Others Similarly Situated,<br><br>      Plaintiffs,<br><br>v.<br><br>HOOK-SUPERX, L.L.C., CVS CAREMARK CORPORATION; CVS PHARMACY, INC.; CVS ALBANY, L.L.C.; NEW JERSEY CVS PHARMACY, L.L.C.; and MASSACHUSETTS CVS PHARMACY, L.L.C.,<br><br>      Defendants. |

| |
|---|
| ELIZABETH DUCASSE, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>      Plaintiff,<br><br>v.<br><br>CVS CAREMARK CORPORATION and CVS ALBANY, L.L.C.,<br><br>      Defendants. |

| | |
|---|---|
| SHAWN GRIFFITH, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>      Plaintiff,<br><br>v.<br><br>CVS CAREMARK CORPORATION, and MASSACHUSETTS CVS PHARMACY, L.L.C.,<br><br>      Defendants. | |

| | |
|---|---|
| GARY S. OLSEN, Individually and on Behalf of All Other Persons Similarly Situated, as Class/Collective Representative,<br><br>      Plaintiff,<br><br>v.<br><br>CVS CAREMARK CORPORATION,<br><br>      Defendant. | |

| | |
|---|---|
| JAMES RENFRO, Individually and on Behalf of all Other Persons Similarly Situated,<br><br>      Plaintiff,<br><br>v.<br><br>CVS CAREMARK CORPORATION and OHIO CVS PHARMACY, LLC,<br><br>      Defendants. | |

## ORDER

Plaintiffs have filed a motion (ECF No. 167) asking this Court to order the Defendant CVS Caremark Corporation to make an additional corrective deposit of $1,991,228.02 to the Qualified Settlement Fund in order to fully comply with the class action Settlement Agreement entered in this case (ECF No. 114-1) and approved by this Court. (ECF No. 137.) All parties agree, as does this Court, that the Settlement Administrator made a clerical error in calculating the total amount of money owed to fund fully the settlement. CVS claims (ECF No. 168) however, that because the Settlement Administrator instructed it on the amount to pay and it made those payments, that it has fully complied with the Settlement Agreement.

A clerical error by the Settlement Administrator does not relieve the obligation of CVS to fund fully the settlement. This Court is not modifying the Settlement Agreement[1] as alleged by CVS but rather is simply enforcing it by ordering that it make the correct full payment to which it agreed.[2] A clerical error by the Settlement Administrator in calculating the agreed-to-amount owed does not relieve CVS of that obligation.

---

[1] CVS agreed to pay up to $34 million, all inclusive, in settlement of these cases. With this additional payment, CVS is still well-below this limit.

[2] The parties agreed that "the Distribution Amounts for Participating Class Members from the Net Distribution Amount shall be calculated as follows: the "Weekly Payment" shall be the Net Settlement Amount divided by the total number of completed workweeks that the Settlement Class Members worked as Assistant Store Managers, excluding leaves of absence, during the Applicable Class Period. The number of completed workweeks for each Participating Settlement Class Member shall include the total number of workweeks in any Settlement Class for which they are eligible, with no double-counting of weeks if the Participating Settlement Class Member is a member of multiple Settlement Classes. Each Participating Settlement Class Member shall be eligible to receive an award in the amount of the Weekly Payment multiplied by the number of completed workweeks that he or she worked for CVS as an Assistant Manager (subject to the limitation above), excluding leaves of absence, during the Applicable Class Period or as determined by a date three years prior to their having filed a consent to join in any of the Wage-Hour Lawsuits, whichever is longer." (ECF No. 119 at 13, n. 11.)

The Court GRANTS IN PART and DENIES IN PART Plaintiffs' motion. (ECF No. 167.) The Court orders CVS to deposit $1,991,228.02 into the Qualified Settlement Fund within ten (10) days. All other relief sought by the Plaintiffs is denied.

SO ORDERED:

_____
John J. McConnell, Jr.
United States District Judge

February 25, 2013